Nov. Term,
1859.

Forst
v.
Elston.

*A. L. Osborn*, for the appellant.

### Forst *v.* Elston and Another.

Repugnancy of allegations is not a ground of demurrer under the code.
*Quære*, whether it can be proved by parol that a place at which a note is payable, is a bank, though not so described in the note.

Friday,
December 16.

APPEAL from the *Montgomery* Court of Common Pleas.

Perkins, J.—Action upon a promissory note payable at the office of *Elston* and *Lane*.  The complaint avers that the office of *Elston* and *Lane* was a private banking office of discount and deposit, and known to be so by the makers of the note and the public generally.

The defendants demurred to the complaint, the demurrer was overruled, the defendants refused to answer over, and judgment was rendered against them for the amount of the note.

They appeal to this Court, and contend that the demurrer should have been sustained, on the ground that the note does not express that the office of *Elston* and *Lane* is a bank; that an office is not a bank; that it cannot be shown by parol evidence to be a bank; and, hence, that the averment in the complaint, that said office is a bank,

is repugnant to the legal effect of the instrument sued on, and, for that reason, bad.

Nov. Term, 1859.

Admit all this to be true, still the objection could not be reached by a demurrer to the complaint, because repugnancy of allegations is not a cause of demurrer; and without the allegation objected to in this case, the complaint contained facts sufficient to constitute a good cause of action.

The defendant might have raised the question of repugnancy by a motion to strike out the allegation objected to, and saved the objection by exception. Having done so, if it turned out on the trial that the question presented was material, it could be examined on appeal. It could become material only in the event that a set-off or failure of consideration or the like, should be set up in defense against the payee, where the suit was by an indorsee. See *Davis* v. *McAlpine*, 10 Ind. R. 137.

From what has been said, it will be manifest that it is not necessary to decide in this case, whether an office named in a note can be shown by parol to be a bank or not, and we do not decide the point.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*I. Naylor*, for the appellant.

*S. C. Willson* and *J. E. McDonald*, for the appellees.