Filed June 18, 1886.

————————◆————————

No. 12,599.

## ZENOR *v.* JOHNSON ET AL.

INSTRUCTIONS TO JURY.— *Evidence.— Oral Admissions.*—An instruction that oral admissions of a party should be received with great caution, because a witness may not have correctly understood them, or may not have correctly recollected and repeated them, is erroneous.

SAME.—*Construction of Written Contracts.*—The court must construe all written contracts, and not leave the question of construction to the jury, except in cases where parol evidence is necessary to make a contract intelligible.

SAME.—*Mistake.*—It is only a mutual mistake of fact, and not a mistake of law, that will avoid a contract, and it is error to instruct the jury in general terms that a mistake will have that effect.

From the Harrison Circuit Court.

*G. W. Denbo, W. N. Tracewell* and *R. J. Tracewell,* for appellant.

*G. W. Self,* for appellees.

ELLIOTT, J.—The controversy in this case is as to the ownership of personal property, and there is much conflict in the evidence.

The appellant complains of the instructions of the court, and as we think with just reason, for there is much confusion and material error in them as they appear in the record.

The instructions on the subject of verbal admissions are in direct conflict with the rule declared by our decisions. An instruction that oral admissions of a party should be received with great caution, because a witness may not have correctly understood them, or may not have correctly recollected and repeated them, is erroneous. *Morris* v. *State, ex rel.,* 101 Ind. 560; *Newman* v. *Hazelrigg,* 96 Ind. 73; *Finch* v. *Bergins,* 89 Ind. 360; *Davis* v. *Hardy,* 76 Ind. 272; *Garfield* v. *State,* 74 Ind. 60.

It is error for the court to submit the construction of a written instrument to the jury, except in cases where the instrument is so ambiguous that the court can not give the instrument a reasonable construction. The court must construe all written contracts, and not leave the question of construction to the jury, except in a case where parol evidence is necessary to make the contract intelligible. This rule was violated by the court in this instance, for it was the duty of the court to inform the jury of the meaning of the written

instrument given in evidence, and not to leave that matter, as was done, to the judgment of the jury.

There was some question as to whether the instrument had been altered by the appellant, and this, as a question of fact, ought to have been submitted to the jury under proper instructions, but it was error to leave the construction and effect of the contract to the jury.

It was also error to charge the jury in general terms, that, if there was a mistake in the written instrument, it was without effect. The court should have instructed the jury that it is only a mutual mistake of fact that will avoid a contract. Mistakes of law can not have that effect.

We do not deem it necessary to notice the other errors in the instructions, as the case must be again tried.

Judgment reversed, with instructions to grant a new trial to the appellant.

