## Albany Furniture Company et al. *v.* Merchants' National Bank of Muncie.

[No. 1,967.    Filed February 23, 1897.]

Pleading.—*Action Based on Written Instrument.—Exhibit.*—When a written instrument which is the foundation of an action is filed as an exhibit with the pleading, as required by section 365, Burns' R. S. 1894, it becomes a part of the pleading, and will cure uncertainties therein.   *p. 95.*

Same.—*Appeal.—When a Defect in a Pleading May be Taken Advantage of After Judgment on Default.*—Where a defect in a pleading is

such that it would have been available on demurrer before judgment, it may be taken advantage of on appeal after judgment rendered on default.  *p. 96.*

SAME.—*Complaint.*—*Exhibit.*—An allegation in a complaint on a note which is made an exhibit and is signed by a company and two persons, that the latter two signed the note as "security" will be construed to mean that they signed as "surety."  *p. 96.*

From the Delaware Circuit Court.  *Affirmed.*

*J. W. Ryan* and *W. A. Thompson*,  for appellants.

*J. F. Meredith* and *E. E. Meredith*,  for appellee.

ROBINSON, J.—In a suit by appellee against the appellants on a promissory note, judgment was rendered against appellants, Stafford and Zapf, upon a default and they question the sufficiency of the complaint by an assignment of error to this court.

The complaint, omitting the purely formal parts, is as follows: "The plaintiff complains of the defendants, and alleges that, on the 15th day of December, 1894, the defendant, the Albany Furniture Company, a corporation organized under the laws of the State of Indiana, and doing business at Albany, Delaware county, Indiana, by its promissory note, a copy of which is filed herewith, marked Exhibit 'A,' and made a part of this complaint, promised to pay the plaintiff or order, one hundred and fifty dollars, ninety days after date, together with 8 per cent. interest after maturity until paid, and attorney's fees; payable at the Merchants' National Bank of Muncie, Indiana.  That the defendants, James E. Stafford and Jacob Zapf, signed said note as security; that said note is now past due, due the plaintiff and wholly unpaid.  When plaintiff demands judgment for principal, interest, attorney's fees, costs and all other proper relief in the sum of two hundred dollars."

The note is as follows:

Albany Furniture Co. *et al. v.* Merchants' National Bank of Muncie.

"$150.00.      MUNCIE, IND., Dec. 15, 1894.

Ninety days after date I promise to pay to the order of the Merchants' National Bank of Muncie, one hundred and fifty dollars, with attorney's fees, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them. Negotiable and payable at the Merchants' National Bank of Muncie, with eight per cent. interest after maturity until paid.

ALBANY FURNITURE CO.
JAS. E. STAFFORD.
JACOB ZAPF, MANAGER."

The only question discussed in appellants' brief is the sufficiency of the complaint.

When a written instrument which is the foundation of an action is filed with the pleading, as required by section 365, Burns' R. S. 1894 (362, R. S. 1881), it becomes a part of the pleading, just as much as if copied at length therein, and such an exhibit will cure uncertainties in the pleading. *Blount* v. *Rick*, 107 Ind. 238.

In the case of *Smith* v. *Carley*, 8 Ind. 451, there was a default upon a declaration which failed to allege the defendant to be the maker of the note and that the note was unpaid, and it was held that the declaration was insufficient.

In the case of *Old* v. *Mohler*, 122 Ind. 594, there was a default upon a complaint to recover damages for the breach of a covenant against encumbrances and neither a copy of the deed nor the original was exhibited with the complaint. The complaint was held bad in an attack for the first time on appeal.

Each of the above cases is in conformity with the rule that if the defect in the pleading is such that it would have been available on demurrer before judgment, it may be taken advantage of on appeal after a judgment rendered on default.

It is insisted there is no averment in the complaint that the appellants, Stafford and Zapf, promised to pay anything, and that the word "security" used in the complaint cannot be construed to mean surety.

When the complaint and the exhibit are construed together, which must be done, it is clear that the use of the word "security" in the complaint was a clerical error and that the pleader intended to use the word surety. When the complaint alleges that the furniture company, by its promissory note promised to pay the appellee a named sum, and further alleges that appellants, Stafford and Zapf, signed that note as surety and their names do appear on the note, the law implies a promise on the part of Stafford and Zapf to pay the note in the event it is not paid by the principal.

While the pleading could not be commended as a model, yet, we think the complaint, construed with the exhibit, states a cause of action, and that a judgment on the complaint would be a bar to a suit against Stafford and Zaph on the same instrument.

Judgment affirmed.