## WILLIAM H. ARMSTRONG COMPANY *v.* LIEBER, RECEIVER.

### [No. 8,059. Filed November 6, 1913.]

1. CONTRACTS.—*Construction.—Contract to Supply Electricity.*— An agreement in a lease, by which the lessor is to furnish "lessee with electric light and power at the rate of 4c per thousand watts, the meter for same to be installed at the lessee's expense", is unilateral in its nature, practically an option to purchase electricity from the lessor at the specified rate, and must be construed as contemplating payment for every thousand watts upon delivery, especially in view of the construction which the parties by their acts placed upon it. p. 449.

2. CONTRACTS. — *Construction. — Construction by Parties.* — The court, in construing a contract, may look to the construction which the parties have by their acts placed upon it. p. 449.

3. PLEADING.—*Complaint.—Exhibits.—Variance.*—In an action on a contract for the price of electric current furnished, where the contract was silent as to the time of payment, an allegation in the complaint that the amount claimed was due and unpaid, was not in conflict with the contract, and must control in the absence of anything to show otherwise. p. 449.

4. PLEADING.—*Complaint.—Clerical Error.*—In determining the sufficiency of a complaint a mere clerical error will be disregarded, in the absence of a showing of prejudice to the substantial rights of the adverse party. p. 450.

5. PLEADING. — *Repugnancy. — Uncertainty.* — Repugnancy or uncertainty in a pleading is not ground for demurrer. p. 450.

From Superior Court of Marion County (82,644) ; *Charles J. Orbison,* Judge.

Action by Richard Lieber, receiver for the New Grand Hotel Company, against the William H. Armstrong Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles T. Appleman* and *Henry J. Brandon,* for appellant.

*Leo M. Rappaport* and *Albrecht R. C. Kipp,* for appellee.

IBACH, J.—The sole question presented by this appeal is whether the court erred in overruling appellant's demurrer

to appellee's complaint. This complaint alleges facts showing the appointment of the receiver and his authority to sue in the present case, then alleges that on May 15, 1909, the New Grand Hotel Company leased to defendant certain premises at 33 West Maryland Street, in the city of Indianapolis, that among the stipulations contained in the lease is the following: "said New Grand Hotel Company also agrees to put in said store room hot and cold water and to furnish said lessee with electric light and power at the rate of 4c per thousand watts, the meter for same to be installed at lessee's expense;" that in pursuance of the terms of said lease the New Grand Hotel Company furnished defendant from June, 1909, to October 22, 1910, 12,298.7 watts of current, and during said time the defendant paid to said company the sum of $298.56 for current; that under the written lease defendant was obligated to pay said company at the rate of 4 cents per thousand watts the sum of $491.94, so that at the time the receiver was appointed for the New Grand Hotel Company, defendant was indebted to said company in the sum of $193.38, and is now indebted in said sum; that plaintiff has endeavored to collect this amount from defendant, but payment has been refused, that said sum is due and remains wholly unpaid. A copy of the written lease is attached to the complaint as an exhibit. The lease contract annexed as an exhibit provides for the rental of the premises described for a term of five years and seven months at the rate of $1,080 per annum, payable in equal monthly installments. The only provision relative to the furnishing of electric current is the one above quoted.

Appellant contends that taking the complaint in connection with the exhibit, it does not show that there is anything due upon the contract, notwithstanding the allegation that there is a sum of money due and unpaid. Appellant argues that under the clauses above quoted the lessor became liable to furnish light and power to the lessee for the term of the lease, at a specified rate, that the complaint shows that the

lessor has not performed all of the conditions of the contract on his part, since the lease has yet about four years time to run, and that, since no time for payment for current used is specified in the contract, it must be construed as an agreement to pay four cents whenever 1,000 watts is delivered, or as an agreement to pay for all the current used at the specified rate at the end of the lease term, the period during which liability to furnish current continues. The latter construction appellant believes to be the correct one.

The stipulation relative to the furnishing of current in the lease is unilateral in its nature, practically an option giving the lessee the privilege to purchase electricity from the lessor at the specified rate. There is no obligation upon the part of the lessee to take electricity for any definite or certain time or in any certain quantity, or indeed, to take it at all. The lessee during the term of the lease might use or discontinue using current intermittently and as it pleased. It seems to us reasonable to construe the contract as one to pay for every thousand watts upon delivery, for such a construction is not inconsistent with its terms. It also appears that the parties by their acts had recognized that some of the money for current used was due before the expiration of the term of the lease, for before the appointment of the receiver, defendant had paid in part for the current used. It is a well-known rule that the court may, in order to determine the meaning of a contract, look to the construction which the parties have by their acts placed upon it. There is no conflict between the provisions of the lease contract and the allegation of the complaint that the debt is due and unpaid, and this allegation must control in the absence of anything to show otherwise.

It appears that plaintiff made a clerical error in his complaint as to the amount of current furnished, which was 12,298.7 kilowatts, and not 12,298.7 watts. In calculating

the amount due plaintiff evidently used 12,298.7 kilowatts as a basis, since 12,298.7 watts at four cents per thousand would amount only to $.49, while the demand is for $491.94, the amount due for 12,298.7 thousand watts at the agreed price. The error is plainly a clerical mistake, which the court will disregard in the absence of a showing of prejudice to the substantial rights of the adverse party. *Evans* v. *Nealis* (1879), 69 Ind. 148; *Indiana, etc., R. Co.* v. *Dailey* (1886), 110 Ind. 75, 10 N. E. 631; *Gable* v. *Seiben* (1893), 137 Ind. 155, 36 N. E. 844; *Ross* v. *Banta* (1895), 140 Ind. 120, 34 N. E. 865, 39 N. E. 732; *Albany Furn. Co.* v. *Merchants Nat. Bank* (1896), 17 Ind. App. 93, 46 N. E. 479; *Fry* v. *Colborn* (1897), 17 Ind. App. 96, 46 N. E. 351; *Orr* v. *Miller* (1884), 98 Ind. 436. Taking the complaint literally, the most that appears is a repugnancy between the allegations as to the value of the current furnished. It has been held that repugnancy or uncertainty in a pleading is not a ground of demurrer. *Forst* v. *Ellston* (1859), 13 Ind. 482. See, also, on construction of complaint when attacked by demurrer, the recent exhaustive opinions in the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Appellant's objections to the complaint are ill founded. Judgment affirmed.

NOTE.—Reported in 103 N. E. 19. See, also, under (1) 15 Cyc. 470; (2) 9 Cyc. 588; (3) 9 Cyc. 754; (4) 31 Cyc. 77; (5) 31 Cyc. 281, 287.