VANDALIA RAILROAD COMPANY *v.* TERRE HAUTE VITRIFIED BRICK COMPANY ET AL.

[No. 22,644. Filed May 25, 1915. Rehearing denied October 13, 1915.]

1. CONTRACTS.—*Construction.*—*Construction by Parties.*—The construction placed upon a contract by the parties thereto is binding upon them. p. 554.

2. RAILROADS.—*Right of Way Agreement.*—*Construction.*—Where a side track was constructed over the land of a brick manufacturing company under a written agreement authorizing the construction of the track to connect with a certain coal mine, and providing that the railroad company would change the track from time to time if the excavations of the brick company for shale made changes necessary, and providing for the removal of the track by the railroad company at any time it saw fit, and the evidence showed that the track was never used in business not connected

with the coal mine until after the abandonment of the mine, and then only on obtaining the consent of the brick company, that operation of the mine was discontinued and that thereafter the track was allowed to become out of repair until it was dangerous to use same, etc., the railroad company was bound by the construction thus placed on the agreement to the effect that such track was under the control of the brick company. p. 554.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by the Vandalia Railroad Company against the Terre Haute Vitrified Brick Company and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*McNutt, Wallace & Saunders* and *John G. Williams,* for appellant.

*Noble & Johnson* and *Miller & Kelley,* for appellees.

ERWIN, J.—Appellant brought this action to enjoin appellees from taking up a certain railroad spur or switch crossing the land of appellee, Terre Haute Vitrified Brick Company. Errors assigned are predicated upon the action of the court in dissolving the temporary injunction.

The question for our consideration depends upon the construction to be given to a certain contract, between The Terre Haute Brick and Pipe Company, predecessor of appellee, Terre Haute Vitrified Brick Company, and Volney T. Malott, receiver for the Terre Haute and Indianapolis Railroad Company, predecessor of appellant, which contract is as follows:

"Know All Men by These Presents: Whereas, Volney T. Malott, of Indianapolis, Indiana, in his official capacity as receiver of the Terre Haute and Indianapolis Railroad Company, and not otherwise, has entered into an agreement with the Greenfield Coal and Mining Company for the construction and operation of a side track to the Greenfield Coal and Mining Company's shaft on the Mackville North Branch, Vigo County, State of Indiana; and whereas, the route of the said side track passes over a certain piece of land owned by the Terre Haute Brick and Pipe Company situated in

MAY TERM, 1915.                    553

Vandalia R. Co. *v.* Terre Haute, etc., Brick Co.—183 Ind. 551.

the county of Vigo, State of Indiana, described as follows: Being part of the northeast quarter of section 18, township 12 north, range 9 west, Vigo County, Indiana. Said property and track being approximately as shown on the blue print hereto attached and made a part of this agreement.

Now this Indenture Witnesseth: That we, the Terre Haute Brick and Pipe Company, for and in consideration of the sum of one dollar, received to our full satisfaction, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the Terre Haute and Indianapolis Railroad Company, the right to enter upon said premises and to construct, maintain and operate thereon said side track, where the same now is, or may be surveyed and located (the width of the land to be occupied for this purpose however, not to exceed thirty feet); and also the right to said company at any time it may see fit to do so, without further compensation to us, to take up and remove so much of the material as may belong to it, used in the construction and maintenance of the said side track. That said Terre Haute and Indianapolis Railroad Company agrees to construct a sub-way beneath its track and the St. Mary's road, the grade of which shall be to the level of the first rock strata 12 feet more or less below the top of rail of proposed track and sufficient in size to accommodate a double track for the shale cars of said Terre Haute Brick and Pipe Company, said sub-way to be located and constructed in a manner satisfactory to said Terre Haute Brick and Pipe Company. That the drainage from the mine of said Greenfield Coal and Mining Company shall be disposed of in a manner satisfactory to said Terre Haute Brick and Pipe Company. That whenever said track of the said railroad company shall interfere with the excavation of shale of the said Terre Haute Brick and Pipe Company lying east of the St. Mary's Road said railroad company agrees to change the location of its track as much as possible to facilitate the excavation of the aforesaid shale. To have and to hold, the above described rights and privileges unto the said Terre Haute and Indianapolis Railroad Company, its successors and assigns, for so long a time only as such company, its successors and assigns, shall elect to continue the existence and use of said side track and after the removal of the same, as above provided, all right, title and interest of the said Terre

Haute and Indianapolis Railroad Company in and to the above described premises shall cease and determine. Witness our hands and seals this 1st day of June, 1903.''

It is contended by appellant that this contract was for a side track and that the same was to be permanent in its nature, while appellees contend that this grant was a mere license to construct a temporary switch to the Greenfield Coal and Mining Company's shaft and that after said coal mine had been abandoned or exhausted, that appellant's right to maintain the track over appellee brick company's lands had terminated, and that the rails and ties should have been removed as soon as that purpose had been accomplished. Appellant admits that one of its purposes was to reach the Greenfield coal mine while appellees contend this was the only purpose.

The cause was submitted on the verified complaint and affidavits both for and against the contention of both sides. The affidavits are in some particulars conflicting but we think the facts established are that the interpretation of the contract given to it by both parties, by their conduct after its execution supports the contention of appellees. The construction placed upon a contract by the parties to the same is binding upon the parties. *Patterson* v. *State Bank, etc.* (1914), 55 Ind. App. 331, 336, 102 N. E. 880, and cases cited; *William H. Armstrong Co.* v. *Lieber* (1913), 54 Ind. App. 447, 103 N. E. 19; *Ralya* v. *Atkins & Co.* (1901), 157 Ind. 331, 61 N. E. 726; *Frazier* v. *Myers* (1892), 132 Ind. 71, 31 N. E. 536, and cases cited.

The facts as disclosed by the contract itself are that the receiver had, prior to the execution of the contract in question, entered into an agreement with the Greenfield Coal and Mining Company for the construction of a side track, to its mines, that said switch passes over the lands of appellee; that appellant was to change the location of the track and adjust the same from time to time as the work of the brick company progressed, and it desired to

MAY TERM, 1915. 555

Vandalia R. Co. *v.* Terre Haute, etc. Brick Co.—183 Ind. 551.

use the shale. This contract also provided that appellant had the right at any time it saw fit to do so, to take up and remove so much of the material as might belong to it, used in the construction and maintenance of said side track.

The evidence discloses the side track was laid across appellee's land in 1903 and that the mine to which it was laid was exhausted in 1906, and that the same was not operated after that year. That there was no further use for the side track in connection with the mine; that appellant after that date did use the side track for the purpose of loading and unloading freight for shippers other than appellee, but that always before placing cars thereon appellant or the shippers for it, obtained the consent of appellees so to do; that appellant tore up a part of the track and at one time spiked the switch so that the same could not be used; that appellee brick company notified appellant that it desired to extend its plant and occupy the ground on which the switch was located; that prior to 1906 the side track or switch was used for no other purpose than to carry freight to and from the Greenfield mine; that said switch became badly out of repair so that the same was unsafe to run cars over it and remained so for a number of years.

Appellant after 1906 treated the switch and grounds on which it was built as under control of appellee brick company, and having thus put a construction on the contract is bound by, and the courts are bound by the interpretation of the same by the parties thereto. *Wysor* v. *Lake Erie, etc., R. Co.* (1895), 143 Ind. 6, 20, 42 N. E. 353, and cases cited.

The court did not err in dissolving the temporary injunction. Judgment affirmed.

NOTE.—Reported in 108 N. E. 953. Rule of construction that language used by promisor is to be construed as promisor thought it to be understood by promisee, see 12 Ann. Cas. 392. See, also, under (1) 9 Cyc. 588; (2) 9 Cyc. 588; 33 Cyc. 154.