## JOHNSON OIL REFINING COMPANY *v.* INDIAN REFINING COMPANY.

[No. 14,171.   Filed January 8, 1932.   Rehearing denied May 19, 1932.]

*Beasley, Aikman, O'Brien & Beasley,* for appellant.

*Frank S. Rawley, Cooper, Royse, Gambill & Crawford* and *Stimson, Stimson & Davis,* for appellee.

LOCKYEAR, J.—This is an action brought by the appellee against the appellant to recover possession of certain real estate in Terre Haute, Indiana, and for damages for the unlawful detention thereof.

The complaint was in one paragraph and the appellant filed an answer in two paragraphs thereto; the first was a general denial and the second was an affirmative answer based upon a certain written instrument, which the appellant alleges to be a lease, by the terms of which the appellant claims the right of possession to the real estate in controversy. A reply in general denial to this second paragraph of answer closed the issues.

There was a trial before the court, which, at the request of the appellant, found the facts specially and stated conclusions of law thereon.

The facts found by the court were, in substance, as follows: On and prior to April 5, 1927, the Wabash Realty and Loan Company was the owner in fee simple and in possession of the following described real estate in the city of Terre Haute, Indiana, setting out the description of the real estate; that on April 5, 1927, the said Wabash Realty and Loan Company entered into a written contract with George P. Mank for the sale of the real estate described in the complaint, by the terms of which contract the said George P. Mank agreed to pay for said real estate by installments and the said George P. Mank agreed to pay all taxes, insurance and assessments levied upon and against said real estate and was to have and did have possession of the same from and after April 5, 1927.

That, at the time of the purchase of said real estate by George P. Mank from the Wabash Realty and Loan Company, to-wit, on April 5, 1927, there were no build-

ings, structures or improvements on said real estate, but that said real estate consisted of two vocant lots with no improvements thereon.

The appellant, Johnson Oil Refining Company, and George P. Mank and Sylvia M. Mank, on April 20, 1927, entered into a written agreement headed as follows:

"Johnson Oil Refining Company,

"208 South LaSalle St.

"Chicago, Illinois.

~~"LEASE WITH OPTION TO PURCHASE.~~

"Terre Haute, Indiana, Filling Station No. 2

"Located at Terre Haute, Indiana.

by and between Mr. George P. Mank, first party, and Johnson Oil Refining Company, second party.

"Witnesseth, That for and in consideration of the covenants and agreements set forth, first party hereby leases to second party the following described real estate situated in the County of Vigo, State of Indiana, to-wit: [setting out the description of the real estate]."

The contract is, in substance, as follows: The first party covenanting and agreeing to pay all taxes and assessments on said property; the second party to remove any property placed on said real estate within 30 days after the termination of the lease and the second party was given the privilege of extending the lease for a period of — years from the date of its expiration upon certain notice to be given; the second party agreeing to pay the rent, also taxes on its own property.

The first party was given the privilege of handling automobile accessories on certain terms and conditions. At the expiration of the lease, the second party agreed to return the property to the first party. The amount of rent specified was the nominal sum of $5 per annum and was to cease if the property was rendered unfit for occupancy by fire or other causes. In case of default

in rent, the party of the first part had the right to terminate the lease by 30 days' notice.

The contract contains a number of paragraphs relating to tank-wagon quantity-discount for the sale of appellant's products; when and how payments were to be made for said products. Provision is made for delays in delivery; the tank wagon quantity discount provision being subject to cancellation by either party on ten days' written notice. The contract was signed by both parties.

George P. Mank then constructed buildings and made improvements on said real estate, and the said Johnson Oil Refining Company installed on the premises two gasoline tanks underneath the ground, and two gasoline pumps and other equipment to be used by the said George P. Mank in selling and distributing to his customers gasoline and oil purchased from the Johnson Oil Refining Company, and that the title to said gasoline tanks and gasoline pumps and other equipment so placed upon the above described property by the Johnson Oil Refining Company was retained at all times in the Johnson Oil Refining Company and it had the right at any time to remove from said premises said tanks and other equipment installed by it.

Said premises were opened for use as a filling station by George P. Mank in the month of July, 1927, and he continued to occupy and operate said premises as a filling station from July, 1927, until some time in November, 1928, and, during all of said time that the said George P. Mank was running and operating said premises as a filling station, he purchased his requirements of oil and gasoline from the Johnson Oil Refining Company, paying cash therefor, and sold the same to his customers.

That, during all the time from April 5, 1927 to December 27, 1928, George P. Mank was in the sole possession

of said premises and ran and operated said business as his own.

. That, on September 15, 1928, the Johnson Oil Refining Company notified George P. Mank that tank-wagon quantity-discount agreement 5808 would be terminated as of October 1, 1928, as called for in the contract of April 20, 1927; that, on September 27, 1928, the Johnson Oil Refining Company and George P. Mank entered into a written tank-wagon quantity agreement No. 2039, effective as of October 1, 1928, which said agreement is set out in the finding of facts.

That the Johnson Oil Refining Company never at any time prior to December 27, 1928, paid or tendered any rent to George P. Mank and Sylvia M. Mank, or either of them, and that any and all rent that was paid by the Johnson Oil Refining Company to George P. Mank and Sylvia M. Mank or either of them was paid under and pursuant to a certain supplemental written contract between the Johnson Oil Refining Company and George P. Mank and Sylvia M. Mank, dated December 27, 1928, which supplemental contract is set out in the findings, but the appellant claims no right to possession by reason of said supplemental contract.

That, on December 12, 1928, George P. Mank and the appellee Indian Refining Company entered into a written contract and agreement, which contract and agreement is set out in the finding of facts, and which is a lease for the premises at a rental of $50 per month and is the foundation of appellee's cause of action herein.

That, on December 27, 1928, the Johnson Oil Refining Company and George P. Mank entered into the written supplemental contract and agreement aforesaid, by the terms of which the appellant was to pay George P. Mank $25 rent per month for the same real estate.

That during all the time from April 20, 1927, until

December 27, 1928, the said George P. Mank had been in the sole and exclusive possession of the premises described in the complaint and, during all of the time from and after July, 1927, had been operating a filling station as his own upon the premises described in appellant's complaint.

That, at no time from April 20, 1927, to December 27, 1928, was George P. Mank in the employ of the Johnson Oil Refining Company, as its agent, or servant, nor was he in possession of said premises as the agent or servant of said Johnson Oil Refining Company during said time, and, at no time from April 20, 1927, to December 27, 1928, was the Johnson Oil Refining Company in the possession of the above-described real estate; that, at no time prior to December 22, 1928, did the Johnson Oil Refining Company make claim or demand possession of said premises.

That the contract between the Johnson Oil Refining Company and George P. Mank and Sylvia M. Mank, dated April 20, 1927, was at all times from April 20, 1927, to December 22, 1928, construed and treated by the Johnson Oil Refining Company and George P. Mank and Sylvia M. Mank as a purchase and sales contract for gasoline and oil and not otherwise.

That, on December 5, 1928, George P. Mank ceased to purchase gasoline and oil from the Johnson Oil Refining Company and notified the Johnson Oil Refining Company in writing to remove its tanks, pumps and equipment from off the said premises; that, on December 17, 1928, George P. Mank purchased oil and gasoline from the appellee Indian Refining Company for his said filling station and sold the same, using the tanks, pumps and equipment of the Johnson Oil Refining Company for a period of about eight days.

That it was, during all of said times, the general and usual custom of the Johnson Oil Refining Company and

other oil companies in the distribution and sale of their petroleum products to furnish tanks, pumps and other equipment and install the same at their own expense, on premises to be used by the owner and operator of filling stations who would buy and use their petroleum products exclusively, and, under such general and usual custom, such oil companies would reserve title in themselves to such property so furnished, with the right to remove.

That the appellee Indian Refining Company demanded of the defendants and each of them possession of the premises described in the complaint and tendered the rent due prior to the bringing of this action.

That said Johnson Oil Refining Company took possession of the premises described in the complaint on December 27, 1928, and is now in possession thereof.

That the reasonable rental value of the real estate described in the plaintiff's complaint from February 1, 1929, to the present time is $50 per month and, as a conclusion of law upon the facts, the court states: (1) That the law is with the plaintiff in this cause; (2) that the possession of the defendant, Johnson Oil Company, is unlawful and without right as against the plaintiff; (3) that the plaintiff, Indian Refining Company, is entitled to immediate possession of the real estate described in the complaint; (4) that the plaintiff is entitled to recover from the defendant, Johnson Oil Refining Company, the sum of $620 for the unlawful detention of the premises; (5) that the plaintiff herein should recover the costs laid out and expended at $———.

The judgment follows the conclusions of law and is in accord therewith.

The appellant assigns as error that the court erred in its first, second and third conclusions of law and that the court erred in overruling appellant's motion for a new trial.

The motion for a new trial is upon the grounds that the finding of the court is not sustained by sufficient evidence and is contrary to law; that the damages assessed by the court are excessive.

The appellant's sole contention is that the original instrument under which it claims the right of possession is a lease pure and simple, therefore, the construction to be given to the instrument will dispose of all questions raised in this appeal.

"A lease of real estate ordinarily is a contract by which the owner divests himself of the possession and use of his property, for a valuable consideration, for a definite term, at the end of which he has the absolute right to re-enter, control and use such property." *In re Aurora Gaslight, etc., Co.* (1916), 64 Ind. App. 690, at p. 697, 113 N. E. 1012; *Spiro* v. *Robertson* (1914), 57 Ind. App. 229, 234, 106 N. E. 726; *Mendenhall* v. *First New Chuch, etc.* (1912), 177 Ind. 336, 98 N. E. 57.

There is evidence in the record to the effect that the contract between the appellant and the appellees George P. Mank and Sylvia M. Mank, his wife, was prepared by the appellant upon a printed form containing many paragraphs and numerous stipulations and was headed, ~~LEASE WITH OPTION TO PURCHASE.~~ A line was drawn through said heading as shown.

Four paragraphs of printed matter were stricken out in the same manner as the heading of the printed form. It is evident that the parties did not denominate the instrument as a lease.

The contract on its face is ambiguous, and we are unable to arrive at the real intent of the parties from merely reading the contract as written as to whether it was a lease of real estate or a contract to sell the products of the appellant.

The evidence is ample to support the court's finding

that George P. Mank purchased the real estate in question from the Wabash Realty and Loan Company, paying $100 cash and agreeing to pay the balance in monthly installments of $25, together with taxes and city assessments. Mank erected buildings, other structures and concrete work for not less than $4,500.

The appellant furnished two underground tanks, two air stations with lines connected, three visible gas tanks with lines connected, one air compressor and a few other accessories and retained the ownership of said property.

Mank then proceeded to sell oil furnished by appellant to Mank, for which Mank paid cash and sold the same to the trade.

The appellant never took possession of the premises, nor had anything whatever to do with the sale of oil and gasoline. The amount of rent named was nominal, $5 per annum, and was never paid. The parties to a contract treated it as a contract to buy oil from the appellant and not a lease of the premises.

For the purpose of ascertaining the true meaning of the language of a contract, it has been held that courts will look to the nature of the instrument and the conditions under which it was made, the situation of the parties and the nature of the business, and in cases where the language is indefinite and of doubtful meaning, the practical interpretation by the parties themselves is entitled to great if not controlling influence. *Stahl* v. *Illinois Oil Co.* (1910), 45 Ind. App. 211, 90 N. E. 632; *Hensler* v. *Fountain Park Co.* (1914), 57 Ind. App. 100, 106 N. E. 384; *Reissner* v. *Oxley* (1881), 80 Ind. 580; *City of Vincennes* v. *Citizens Gas Light Co.* (1892), 132 Ind. 114, 31 N. E. 573, 16 L. R. A. 485; *Vandalia R. Co.* v. *Terre Haute, etc., Brick Co.* (1915), 183 Ind. 551, 108 N. E. 953; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723; *In re Aurora Gaslight, etc., Co., supra; Beardsley* v.

*Beardsley* (1891), 138 U. S. 262, 11 Sup. Ct. 318, 34 L. ed. 928; *Heryford* v. *Davis* (1880), 102 U. S. 235, 26 L. ed. 160. The contract before us has many of the characteristics of a contract for the sinking of a gas and oil well construed in the case of *Stahl* v. *Illinois Oil Co., supra,* in which Myers, C. J., speaking for the court, quoting from the case of *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906, said: " 'The mutual understanding and intent of the parties, as to the purpose, scope and ultimate object to be attained by the contract, that inspired and accompanied its execution, is controlling, and must be determined, not by detached provisions, but by viewing the instrument as a whole.'

"Another rule of construction, applicable to ambiguous and uncertain provisions supposed to be expressive of the contract as actually agreed upon, requires the court to take into consideration the acts and conduct of the parties in relation to the contract under consideration." See, also, *Hensley* v. *Fountain Park Co., supra.*

We are of the opinion that the contract entered into between the appellant and George P. Mank and Sylvia M. Mank, on April 20, 1927, is not a lease and that the appellant is not entitled to possession of the real estate in question: That the lease from the appellees George P. Mank and Sylvia M. Mank to the appellee Indian Refining Company of the date of December 12, 1928, is valid and binding and entitles the said Indian Refining Company to possession of the real estate described in the complaint in this action and the damages awarded are not excessive. The finding of facts is supported by the evidence; the conclusions of law are correct.

The judgment is therefore affirmed.

Bridwell, C. J., not participating.