BRUMFIELD, TRUSTEE *v.* STATE EX REL. WALLACE.

[No. 25,836. Filed June 21, 1934.]

648

*Sanford Trippet and Robert Burns Stewart,* for appellant.

*Morton C. Embree* and *Charles O. Baltzell,* for appellee.

MYERS, J.—We construe the complaint at bar as proceeding upon the theory of an action in mandamus by relatrix to compel appellant to recognize her as a permanent teacher of Union School Township, Gibson County, Indiana. The complaint was in one paragraph to which a demurrer was filed challenging the jurisdiction of the court: (1) over the person of the defendant; (2) over the subject matter of the action; and (3) for insufficient

facts to state a cause of action. The court overruled the demurrer and appellant answered in three paragraphs, the first a general denial, and two affirmative paragraphs. The issues, closed by a reply in general denial, were submitted to a jury which returned a general verdict for appellee.

Appellant's motion for a new trial and his motion in arrest of judgment were each overruled with an exception to each ruling. Thereupon, the court entered judgment that a peremptory writ of mandate issue to the appellant commanding him to recognize and treat a certain contract as one continuing for an indefinite time, and to recognize and treat relatrix as a permanent teacher of Union School Township and entitled to all the benefits of Chap. 97, Acts of the General Assembly approved March 8, 1927. From that judgment appellant appealed to this court assigning as errors the overruling of his demurrer to the complaint, the overruling of his motion for a new trial, and the overruling of his motion in arrest of judgment.

The questions here for decision on the demurrer to the complaint are also otherwise saved under other formulas. Insofar as it is possible so to do, they will be considered as presented by the demurrer to the complaint.

It should be kept in mind that the instant case does not involve the resignation or dismissal of a teacher, nor the cancellation of a teacher's indefinite contract under the Teachers' Tenure Law, §6967.2, Burns Supp. 1929; Acts 1927, p. 259 nor is there any claim of surplus tenure teachers in the township. This controversy upon its merits before the trial court was: Did appellant have a contract with Union School Township Corporation, Gibson County, Indiana, by virtue of which she became a tenure teacher?

The complaint, in part, alleged that for five successive

years immediately prior to the year 1927, appellee served under contract as a teacher for the school corporation of Union School Township, Gibson County, Indiana, and in the month of August she entered into a teacher's contract for further services with the corporation, which is made a part of the complaint by exhibit; that she served as teacher for the corporation for the school year of 1927-1928, and that on the opening of school for the year 1928-1929, pursuant to her contract with the corporation, she presented herself at the room taught by her the preceding year for the purpose of carrying out her contract, whereupon appellant served upon this appellee the following written notice: "J. A. Brumfield, Trustee Union Township, Sept. 10, 1928. Fort Branch, Ind. Miss Grace Wallace, Ft. Branch, Indiana. You are notified to leave the Marlette grade building and grounds immediately and remain away. J. A. Brumfield, Trustee;" "that upon receiving said notice aforesaid, this relator left said school building and said school premises, but still holds herself ready and willing to perform her part of said contract as above set out."

It is true the complaint fails to allege facts showing that appellee had exhausted her remedy by an appeal from the decision of the trustee to the county superintendent. We infer from appellant's argument that he is under the impression that this omission in the complaint as also appellee's failure to prove that she was aggrieved by the final decision of the school trustees, a question presented by appellant in his motion for a new trial, was not only essential to a good complaint, but on the trial must be proved as a jurisdictional fact. Appellant, in substance, contends that since the court takes judicial knowledge of the statutes of this state, and it must know that the employment of

school teachers is a school matter primarily for the decision of the township trustee, therefore, as a necessary sequence, the court could not acquire jurisdiction over the person of appellant or of the subject matter of this action, for the reason such decision of the trustee may be questioned only by appeal to the county superintendent. To sustain his conclusion he cites §§6509, 6790, Burns 1926; *State ex rel. Dayton* v. *Board of Commissioners* (1892), 131 Ind. 90, 30 N. E. 892; *State ex rel.* v. *Schmetzer* (1901), 156 Ind. 528, 60 N. E. 269; *Poer* v. *State ex rel.* (1918), 188 Ind. 55, 121 N. E. 83; and 18 R. C. L. p. 133, §46. We will notice only the sections of the statute and our own cases.

The *State ex rel. Dayton case, supra,* involved the purchase of a gravel road and the issuing of county bonds to pay for the same. The question was whether or not, under the facts of that case, a mandamus proceeding would lie to compel the Board of Commissioners to render a certain judgment on a petition theretofore considered by such board requiring judicial action. The trial court denied the writ and this court affirmed that judgment on the theory: (1) that the Board of County Commissioners is a court, and having entered its conclusion of record, a proceeding in mandamus will not lie to compel it to render a different judgment; and (2) that the relator had an adequate legal remedy by an appeal from the judgment of the board.

*The Schmetzer case, supra,* was an action by relator, a voluntary corporation organized for the care and education of orphan children to compel a township trustee to send its wards to a certain school. The school house theretofore attended by these children was destroyed by fire and the trustee assigned them to a school in the township which was more distant from relator's home than another which relator sought to have them attend.

It was held that §164, Acts 1865, p. 3, §6790, *supra,* controlled, and the action in mandate would not lie.

In the *Poer case, supra,* the question was whether the township trustee had authority to transfer a child who had finished the eighth grade in a township in which no high school was maintained to a private school teaching all the branches of study taught by the high schools of the county. The decision in that case rested upon §1 as amended, Acts 1909, p. 173; §3, Acts 1901, p. 448; §§6449, 6451, Burns 1914. Section 6449 was repealed by §4, Acts 1921, p. 743, and §6451 is §6921, Burns 1926. It was a high school transfer case, and the sections of the statute then considered were a part of the procedure in such cases.

We have given a brief outline of the last three cases only for the purpose of indicating the ultimate objects to be attained in each of them, and sufficient, we think, as a basis for differentiating them from the present case.

Directing our attention to §§6509 and 6790, *supra,* and conceding that they should be read together, the most that can be said of the two combined is that any party directly aggrieved with the decision of the township trustee relative to questions of a general nature arising under the school law has the option of the procedure for the determination of his grievance before the school authorities, or he may maintain an action in court. For it is expressly provided by §6509, *supra,* (Acts 1899, p. 240, §4), defining the duties of school superintendents and, on appeal, the question of the resignation and dismissal of teachers, that "Nothing in this act, however, shall be construed so as to change or abridge the jurisdiction of any court in cases arising under the school laws of this state; and the right of any person to bring suit in any court in any case arising under the school laws, shall not be abridged

by the provisions of this act." This statute, being the later of the two, must be held to take the place of the older one as to any conflicting provisions. *Gruber* v. *State ex rel.* (1929), 201 Ind. 280, 168 N. E. 16.

The two sections of the statute relied on by appellant were before this court in the case of *State ex rel.* v. *Lane* (1915), 184 Ind. 523, 111 N. E. 616, and although it was not an action in mandate, but one for damages on account of the alleged failure of the trustee to furnish transportation for relator's children in accordance with Acts 1913, p. 655, this court said, p. 529: "It was certainly not the intention of the legislature to confer upon superintendents of schools exclusive authority to decide all questions pertaining to the jurisdiction of trustees, the extent of their powers and the proper limits to be observed in the exercise of their legal duty. Such questions may be determined by the courts of the State."

The Gibson Circuit Court is a court of general jurisdiction and may entertain actions for mandate. Sec. 1245, Burns 1926. It therefore had jurisdiction over the general class of cases to which the case in question belongs, and on the face of the complaint want of jurisdiction is not apparent. Hence, the demurrer to the complaint on jurisdictional grounds was properly overruled. *Eel River R. Co.* v. *State ex rel.* (1895), 143 Ind. 231, 42 N. E. 617; *Indianapolis St. Ry. Co.* v. *Seerley* (1904), 35 Ind. App. 467, 72 N. E. 169, 1034.

The complaint in this case is otherwise attacked: (1) for failure to allege a demand; (2) failure to allege facts showing that appellee had no other adequate legal remedy; (3) a written contract which omits essential matters is one in parole and therefore insufficient as a teacher's tenure contract; (4) the contract in suit signed "J. A. Brumfield, Township Trustee" is the contract of the civil township and not enforceable against the school township; (5) the contract being the foun-

dation of the action controls the allegations of the complaint; (6) the Teachers' Tenure Law is unconstitutional, (a) in that it violates the constitutional guarantee of freedom of contract, (b) it violates the constitutional guarantee of equal protection of the law, and (c) it discriminates in favor of one class of persons against another by an arbitrary and unreasonable classification. Art. 1, §§1, 23, Indiana Constitution; Fourteenth Amendment, Federal Constitution.

We will refer to these points in the order just mentioned. No demand by relatrix upon appellant in formal words to recognize her as a tenure teacher was necessary in view of the allegations in the complaint with reference to her appearance at the school house and at the room taught by her the previous year, and the written notice for her to leave the premises. The law does not compel the doing of a useless thing. *Tomlinson* v. *Tomlinson* (1903), 162 Ind. 530, 532, 70 N. E. 881; *Wells* v. *Wells* (1925), 197 Ind. 236, 247, 150 N. E. 361; *Fletcher, etc., Bank* v. *Crescent Paper Co.* (1923), 193 Ind. 329, 336, 139 N. E. 664; *Burns et al.* v. *Fox* (1887), 113 Ind. 205, 207, 14 N. E. 541.

Appellant is correct in saying that mandamus will issue only when there is no other adequate legal remedy. He then insists that this is an action to enforce the performance of a contract clearly subject to legal and equitable remedies. Appellant is led into error by the premise he assumes, for as we understand this action, it is to compel respondent to recognize relatrix as a tenure teacher, that is to say, relatrix has an "indefinite contract" with the school corporation, and the duty of the trustee to recognize it is enjoined by law. Contractual relations to some extent may be involved, but if so they are merely evidentiary in character affecting relatrix' status relative to the school cor-

poration. We are not advised of any other remedy that would be as adequate as the one pursued in the instant case. *State ex rel. Black* v. *Board of School Com'rs.* (1933), 205 Ind. 582, 187 N. E. 392; *Kostanzer et al.* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 187 N. E. 337.

The objection here urged, that the contract made a part of the complaint, for want of complete stipulations was insufficient as a teachers' tenure contract, was not made one of the grounds for demurrer in the court below, and since the demurrer was overruled the objection here urged for the first time must be disregarded. Sec. 2-1007, Burns 1933, §362, Burns 1926, §111, Baldwin's 1934; *Hedekin Land Co.* v. *Campbell* (1915), 184 Ind. 643, 112 N. E. 97; *American Maize Products Co.* v. *Widiger* (1916), 186 Ind. 227, 114 N. E. 457; *State ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417; *Old Folks, etc., Home* v. *Roberts* (1925), 83 Ind. App. 546, 550, 149 N. E. 188; *Indianapolis Abattoir Co.* v. *Penn Beef Co.* (1924), 83 Ind. App. 144, 144 N. E. 573, 145 N. E. 10; *Chicago ,etc., R. Co.* v. *Ellis* (1925), 83 Ind. App. 701, 149 N. E. 909.

Appellant claims in his memorandum to the complaint, and also in support of his motion for a new trial that the form in which he signed the contract made it a contract with the civil township and not a contract with the school township. This question was before this court in *Ratcliff* v. *Dick Johnson School Township* (1933), 204 Ind. 525, 185 N. E. 143, and it was there claimed that the contract in that case signed by the trustee, as was done in this case, upon its face was a contract with the civil township and reformation was necessary to make it a contract with the school township, but this court held otherwise, saying: "The body of the instrument itself shows that it was a contract between the school township and a teacher, to teach in the public school of said township,

and that it was such a contract that the school township had a right to make, and that the civil township did not have any authority whatever to make."

As to appellant's insistence that the contract made a part of the complaint is the foundation of the action, and therefore controlling other allegations of the complaint, apparently contradictory, we deem it sufficient to say that under a previous holding of this court the contract was not the foundation of this action (*School City of Elwood* v. *State ex rel.* [1932], 203 Ind. 626, 634), and hence it was not a part of the complaint by exhibit. *Harger* v. *Warner* (1916), 185 Ind. 691, 114 N. E. 407; *Temple* v. *State ex rel.* (1916), 185 Ind. 139, 113 N. E. 233; *Southern R. Co.* v. *City of Huntingburgh* (1924), 81 Ind. App. 279, 290, 143 N. E. 294.

Even if the contract was a part of the complaint by exhibit, it was merely an evidentiary fact which would not make the complaint bad.

As we have seen, the complaint alleges that in the month of August, 1927, appellee entered into a *teachers' contract* for further service with Union School Township. Since the statute, §§6965, 6966, 6967, Burns 1926, requires teachers' contracts to be in writing (*Lee* v. *York School Township* [1904], 163 Ind. 339, 71 N. E. 956), the allegation must be construed to mean a teachers' contract within the meaning of the law. Otherwise there would be no contract between appellee and the School Corporation, a question which must necessarily arise at the trial. Hence the complaint was not demurrable for failure to specifically allege a written contract.

Appellant questions the constitutionality of the Teachers' Tenure Law, ch. 97, Acts 1927, p. 259, §§1-6;

§§6967.1-6967.6, Burns Supp. 1929; §§6003-6008, Baldwin's 1934. The claimed invalidity of this law, and for the same reasons urged by appellant in this case, was fully considered and decided against appellant's insistence in the following cases: *Ratcliff* v. *Dick Johnson School Township, supra; School City of Elwood* v. *State ex rel. Griffin, supra; Kostanzer* v. *State ex rel. Ramsey, supra*. On the authority of these cases, we again affirm the constitutionality of the law.

Appellant, in support of his motion for a new trial on the ground that the verdict was not sustained by sufficient evidence and therefore contrary to law, again asserts that the teacher's contract was not in writing. It is true the instrument purported to be the contract between the parties to this action has many blank spaces therein which should have been filled in order to make it more definite and complete, but appellant admits that when the contract was signed (April 25, 1927) he was busy with other matters and forgot to fill the blank spaces. He did, however, fill in the blank after the dollar sign with the figures 1067 as the salary appellee was to have for the school year 1927-1928, with the promise that if the June draw would warrant, he would increase her salary, and later did so by erasing the figures 67 and inserting therefor 88, making her salary $1088. Appellee testified that the contract was delivered to her by appellant at Ft. Branch high school during the Teachers' Institute which was held in August, 1927. Appellant's testimony was to the contrary, but it is not for us to settle that dispute. The form of these contracts is furnished to the township trustee by the school authorities for completion as the facts in the various cases may require. In the instant case appellant undertook to prepare the contract between himself as trustee and appellee as teacher.

Section 6967, *supra,* provides that "All contracts here-

after made by and between teachers and school corporations shall be in writing; shall state the date of the beginning of the school term, the number of months in the school term, the total amount of the salary to be paid during the school year, and the number of payments that shall be made during the school year: Provided that, in this act, a month shall mean not more than twenty school days." The contract in the instant case meets the requirements of this statute except it fails to state the date of the beginning of the school term. Both parties acted upon it. Appellee taught the school year 1927-1928, for which service she was paid by appellant out of the corporation's school funds. Since the parties placed a construction upon their own contract in keeping with the law, the courts will not act to disturb such construction. *Vandalia R. Co.* v. *Terre Haute, etc., Brick Co.* (1915), 183 Ind. 551, 108 N. E. 953; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 546, 87 N. E. 723; *Frazier* v. *Myers et al.* (1892), 132 Ind. 71, 31 N. E. 536; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471, 485, 63 N. E. 982.

Over appellant's objection the alleged contract was introduced in evidence. Appellant insists that this was error, for the reason that the construction of the contract, which was a function of the court, was thereby left to the jury. As said in *Modern Woodmen of America* v. *Hall,* (1921), 190 Ind. 493, 503: "It is true, the construction of a written contract is for the court, except when parol evidence is required to make the contract intelligible." See also *Zenor* v. *Johnson* (1886), 107 Ind. 69, 7 N. E. 751; *Mondamin, etc., Dairy Co.* v. *Brudi* (1904), 163 Ind. 642, 648, 72 N. E. 643. When the contract was offered in evidence the court determined its admissibility, that is to say, looking to the face of the instrument and the circumstances surrounding its execution, its purpose and the action of

the parties thereto in compliance therewith were before the court and properly to be considered in construing the contract in case it was ambiguous. *Jackson Hill, etc., Co.* v. *Merchants Heat, etc., Co.* (1923), 193 Ind. 422, 140 N. E. 532; *Driscoll* v. *Penrod* (1911), 176 Ind. 19, 95 N. E. 313; *Portland Body Works* v. *McCullough, etc., Co.* (1920), 72 Ind. App. 216, 119 N. E. 180, 1005.

In reality, the only question of fact submitted to the jury in this case was as to the time the contract was executed. If it was executed prior to May 18, 1927, appellee would not be entitled to recover, but if it was executed after that time, and as alleged in the complaint, she should be recognized as a tenure teacher, and a writ of mandamus should issue. The general verdict in favor of appellee was a finding in her favor on all the material allegations of the complaint.

It is also insisted that the burden was upon appellee to show that the County Superintendent of Schools had submitted a report to the school corporation on her preparation, experience and license, as required by §3 of the Teachers' Tenure Law, §6967.3, Burns Supp. 1929. This court has held to the contrary. *State ex rel. Clark* v. *Stout,* (1933), ante 58, 187 N. E. 267.

By instructions tendered and refused, or by exceptions to instructions given by the court on its own motion, many of the questions above considered are presented, but no good purpose will be served by further noticing them.

All questions presented by appellant's motion in arrest of judgment were considered and decided in passing on his demurrer.

No reversible error being shown, the judgment of the trial court is affirmed.