### COBB et al. v. MONJO et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. PLEADING—PARTIES PLAINTIFF—MISJOINDER.

　　A complaint by two plaintiffs, counting on separate contracts with defendant, for commissions for effecting the sale of a patented article—neither plaintiff having any interest in the other's contract as made, and neither having an assignment of the other's contract—is bad for misjoinder of parties plaintiff.

Appeal from Special Term, New York County.

Action by Frederic L. Cobb and Pierre C. Hall against Domingo M. Monjo and another. From an order overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Pratt A. Brown, for appellant.
Frederick Beltz, for respondent.

LAUGHLIN, J. This action is brought upon two separate contracts for the payment of commissions for selling a patented ma-

¶ 1. See Parties, vol. 37, Cent. Dig. § 14.

chine for manufacturing cigars or rolls of tobacco. The patent was owned by the defendant the Société Annonyme de Exploitation des Brevets Reuse aux Etats Unis L'Amerique. The contracts were made with the appellant individually and as attorney in fact for the owner of the patents. One of the contracts was made with the plaintiff Cobb; and the defendants agreed therein, among other things, that, in the event of a sale of the patent by him to the American Tobacco Company for more than $1,500,000, they would pay him in cash, as commissions, a sum equal to two-thirds of 5 per cent. of the selling price. The other contract was made with the plaintiff Hall; and the defendants agreed therein, among other things, that, if he should sell the patent to said tobacco company for more than $1,500,-000, they would pay him in cash, as commission, a sum equal to one-third of 5 per cent. of the selling price. It is alleged in the complaint that a sale of the patent to the tobacco company was effected by the plaintiffs at the price of $5,000,000, and they demand judgment for $250,000, being a sum equal to 5 per cent. of the selling price, less $2,600, which it is admitted has been paid to apply on the commissions.

The demurrer is upon the grounds that the facts stated do not constitute a cause of action, and that there is a misjoinder of parties plaintiff, in that two separate causes of action are alleged—one in favor of one plaintiff, and the other in favor of the other, neither being interested in the other's cause of action. It is unnecessary to consider the first ground of demurrer, for the second ground is unanswerable, and the action cannot be maintained by the plaintiffs jointly. The contracts are in writing, and are annexed to, and made a part of, the complaint. The contract with each plaintiff is separate and distinct, and the liability of the defendants to them upon the facts alleged is several. There is no theory upon which the action of the plaintiffs in attempting to unite their interests in a single cause of action brought by both of them can be sustained. They are not claiming the same fund, nor does the action relate to any fund. The contracts merely created an obligation, in a certain event, to pay a sum of money as commissions. The plaintiffs seek to recover in one action the full commissions under both contracts. Neither plaintiff has any interest in the other's contract or commissions. Either might have assigned his cause of action to the other, but that has not been done. They wish to recover a money judgment jointly, in which one will have a two-thirds, and the other a one-third, interest. Except in those cases where the interests of numerous parties are similar, and the Code permits one party to bring an action for the benefit of himself and all others similarly situated, the plaintiffs must be all interested in the causes of action stated; and, if they are not, a demurrer for misjoinder of parties plaintiff will lie. This proposition is too clear to require the citation of authorities.

It follows that the interlocutory judgment should be reversed, with costs to appellant, and demurrer sustained, with costs, and final judgment on the demurrer granted, dismissing the complaint, with costs. All concur.