## O'MARA ET AL. v. McCARTHY.

[No. 6,918.  Filed January 6, 1910.]

QUIETING TITLE.—*Complaint.—Exhibits.—Abstracts of Title.*—An abstract of title furnished by the plaintiffs under the order of the court (§369 Burns 1908, §363 R. S. 1881), in a quiet title suit, does not constitute an exhibit, and forms no part of the complaint, such suit not being founded upon such abstract.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Suit by Daniel T. O'Mara and others against William P. McCarthy. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Edward D. Reardon* and *John W. Gerdink,* for appellants.
*G. W. Kleiser* and *J. H. Kleiser,* for appellee.

ROBY, J.—Appellants' complaint consisted of five paragraphs. At least three of them—the first, third and fifth—contained the averments necessary to a suit to quiet title to certain lots. The defendant moved that the plaintiffs be required to furnish an abstract of title to the real estate described in the fifth paragraph of complaint. No ruling was made on this motion. The record is as follows: "Come the plaintiffs and voluntarily comply with the defendant's motion heretofore filed, requiring," etc., "which abstract is in the words and figures as follows," etc. The abstract copied covers nineteen pages of the record. A later entry is as follows: "Come the plaintiffs herein by attorneys aforesaid, and voluntarily produce abstract to first and third paragraphs of complaint, which abstract is the same one heretofore produced."

Thereafter the court sustained demurrers to each the first, third and fifth paragraphs of complaint, to which action exceptions were reserved and errors thereon are assigned.

The appellee seeks to sustain these rulings, upon the theory that the abstract became a part of each paragraph, and "being a copy of the operative and material parts of deeds of conveyance is a written instrument and controls allegations of the pleading when there is a variance."

The statute is as follows: "The court, on motion, may order a further bill of particulars, when the one filed is defective; and may, in all proper cases, upon motion, order a bill of particulars of the claim of either party, and abstracts of title to be furnished." §369 Burns 1908, §363 R. S. 1881. The authority conferred is to order abstracts of title to be furnished. This comes very far short of making such abstract a part of the pleading.

Exhibits are part of the pleading only when they are the foundation of the action. "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading. A set-off or a

NOVEMBER TERM, 1909. 149

Indianapolis Traction, etc., Co. *v.* Ulrick—45 Ind. App. 149.

counterclaim is within the meaning of this section. Such copy of a written instrument, when not copied in the pleadings, shall be taken as part of the record. The account, if the items are numerous, shall not be copied in the pleadings, nor be deemed to be part of the record, unless by order of the court. Any variance between any pleading and copy of a written instrument filed, as to matter of description or legal effect, may be amended at any time (as of course) before judgment, without causing a continuance." §368 Burns 1908, §362 R. S. 1881.

Instruments which are evidences of title are not the foundation of the suit, and cannot be made exhibits. *Shetterly* v. *Axt* (1906), 37 Ind. App. 687; *Sedgwick* v. *Tucker* (1883), 90 Ind. 271.

It cannot be that the legislature intended by one section of the statute to make an informal index to deed records a part of the pleadings, and by the immediately preceding section prevent the deeds themselves from being made exhibits. The abstract enables the party in "a proper case" to obtain specific information as to the claim of his adversary, which the adversary is not required to plead. This leads to a reversal of the judgment.

Judgment reversed and cause remanded for further proceedings.