## HARGER ET AL. v. WARNER.

[No. 23,189. Filed December 14, 1916.]

PLEADING.—*Complaint.*—*Exhibits.*—*Instruments Showing Title.*— *Partition.*—In an action for partition, a copy of a will and a deed through which plaintiffs derived title are not proper exhibits to the complaint, and form no part thereof, since neither is the foundation of the action, and such exhibits and recitals contained therein should be disregarded in determining the sufficiency of the complaint.

From Wabash Circuit Court; *Alfred H. Plummer,* Judge.

Action by Hiram Harger and another against Florence B. Warner. From a judgment sustaining demurrer to the complaint, the plaintiffs appeal. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Walter G. Todd* and *Franklin W. Plummer,* for appellants.

*D. F. Brooks,* for appellee.

SPENCER, J.—This is an action by appellants, who are husband and wife, as owners by the entireties of an undivided one-half of certain real estate, against appellee, as the owner of the other undivided half, for partition thereof. The sole question presented for our consideration is the sufficiency of the complaint as against a demurrer for want of facts.

After reciting that the ownership as between appellants and appellee was as tenants in common, the complaint alleges that the real estate sought to be partitioned was formerly owned by one Abraham Peters, since deceased; that a copy of his will is filed therewith, marked "Exhibit A"; that after said Peters departed this life, an undivided one-half thereof was owned by his widow Mary, who "conveyed to these plaintiffs the undivided one-half of said real estate by warranty deed, a copy of which deed is hereto attached, marked 'Exhibit B' and made a part hereof"; that such "Exhibit B," being dated in 1907, contains the following clause: "The above deed shall be delivered to the said Hiram or Rosa Harger at the death of the said Mary Ann Peters." The complaint further alleges that Mary Ann Peters died in 1914 and before the bringing of the action.

The ruling of the trial court in sustaining the demurrer to the complaint must have been based on the exhibits, and particularly on the theory that the general allegations of ownership and derivation of title by deed were overcome by the quoted clause of the "Exhibit B," relating to the delivery of the deed after the death of the grantor.

While it is correct to say that a deed not delivered in the lifetime of the grantor is ineffective, in this case neither the deed nor the will was the foundation of appellants' action, and neither was a proper exhibit to the complaint, nor subject to consideration in determining the complaint's sufficiency. *Shetterly* v. *Axt* (1905), 37 Ind. App. 687, 76 N. E. 901, 77 N. E. 865; *O'Mara* v. *McCarthy* (1909), 45 Ind. App. 147, 90 N. E. 330.

Disregarding, as we must, the exhibits, the complaint stated a cause of action. Judgment reversed, with instructions to overrule appellee's demurrer to the complaint.

NOTE.—Reported in 114 N. E. 407.