COPPLE et al. v. CARTER OIL CO. et al.

No. 124–D.

District Court, E. D. Illinois.

May 1, 1942.

580

Frank H. Walker, of Mt. Vernon, Ill., for plaintiffs.

Walter Davison of Mattoon, Ill., and Acton, Acton & Baldwin, of Danville, Ill., for defendants.

LINDLEY, District Judge.

Under Counts 1 and 3, the only ones remaining, plaintiffs seek alternative relief, (a) that defendants be directed to drill an off-set well; (b) that the oil lease to defendants be canceled and, (c) for damages claimed to have accrued because of defendants' drainage of oil from the premises involved, by their wells on other premises to which they have drilled no off-setting wells. To succeed under (a), plaintiffs have the burden of proving that the demised premises will produce oil and gas in paying quantities or that the circumstances are such that a reasonably prudent operator, with full knowledge thereof, would believe that substantial oil existed and is being drained and would therefore drill wells to offset existing wells. The same burden is imposed upon plaintiffs as to (b), for, otherwise, there is no default upon lessee's part to justify cancellation.

And, under (c), plaintiffs must face the same requirement, for unless there be reasonable basis for finding that oil exists in paying quantities, or that the circumstances are such that a reasonably prudent operator would believe that substantial drainage is taking place, there is no damage to plaintiffs.

Plaintiffs have not sustained any of these burdens. The most that can be said of their evidence is that there is a mere, speculative possibility of oil. The contention that the conditions existing where the nearest producing well is located persist in the land in question is not sustained by the evidence. Nor is there proof of substantial drainage. A lessee can not be expected to drill at a loss to himself. Hence the pertinent question is as to whether the lessee has exercised reasonable diligence in protecting the land from drainage. While absolute proof of these facts can not usually be made, plaintiffs must allege and prove such circumstances as would lead a reasonably prudent operator, with full knowledge of all such facts and circumstances, in the exercise of ordinary care, to believe that substantial drainage was taking place and therefore to drill wells with the reasonable expectation of producing oil in paying quantities. If there is no evidence to support a finding that the defendants did not pursue with diligence, the drilling required by the lease, judgment is not authorized. The controlling rule is that each party is bound by "the standard of what would be reasonably expected of the operator under the circumstances." Ohio Oil Co. v. Reichert, 343 Ill. 560, 175 N.E. 790; Daughetee v. Ohio Oil Co., 263 Ill. 518, 105 N.E. 308; Summers, Oil and Gas. Perm.Ed., § 414, pages 371 et seq., and cases there cited. The most that is shown here by plaintiffs is that this land is on the edge of a small pool. Lessee has driven one dry hole. The testimony of the geologists indicates that on this particular land oil can not be found in paying quantities. Plaintiffs having failed to sustain their burden, judgment must enter for defendants in bar of action and for costs.

The findings and conclusions herein contained shall be included in my more formal findings and conclusions by way of reference.