## GUTH v. TEXAS CO.
### No. 8670.

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1944.

---

Albert H. Fry, of Chicago, Ill., for appellant.

Henry I. Green and Enos L. Phillips, both of Urbana, Ill., Walter E. Will, of Mattoon, Ill., and Harold Smith, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff-appellant originally filed suit against the defendant-appellee in the Superior Court of Cook County, Illinois, but the case was removed by the defendant to the District Court for the Northern District of Illinois on the ground of diversity of citizenship.

In the District Court, the plaintiff filed an amended complaint, which the defendant moved to dismiss. In the alternative, the defendant asked that certain allegations of the amended complaint, which it claimed were mere conclusions of the pleader, either be stricken or that the plaintiff be required to make them more definite. The defendant asked, in any event, for a bill of particulars. The court sustained the motion to dismiss and entered judgment dismissing the complaint and directing that the plaintiff take nothing by his suit. From this judgment the plaintiff has appealed.

The question presented then is whether the present complaint alleges facts sufficient to constitute a cause of action or merely conclusions of the pleader. The amended complaint alleges that the plaintiff is the lawful owner of ⅟₃₂ of the oil, gas, gasoline, casinghead gas, and petroleum distillates in, on, or under certain described lands in Illinois, and that this ownership was well known to the defendant. The complaint alleges that the defendant has drilled and sunk on the said lands, certain wells for oil, gas, gasoline, casinghead gas, and petroleum distillates, pursuant to contracts made with the owner of the lands, and that the defendant has operated these wells in such a grossly inefficient and wasteful manner and by such improper methods that oil and gas have been negligently wasted to the plaintiff's damage. The plaintiff further charges "that of the gas, gasoline and petroleum distillates so produced and not accounted for or paid for, a large volume was wasted, burned and destroyed * * *."

The plaintiff in his original brief says that his complaint is based on negligence, and yet in his reply brief he says that the gravamen of his case is not negligence but the defendant's intentional destruction or burning of the plaintiff's property without payment. While the plaintiff has presented no model of pleading or argument, we think the allegations of fact, charging the defendant with negligence, are sufficient to comply with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The allegations of the complaint were more than conclusions of the pleader. The plaintiff alleged that it was the duty of the defendant to carry on its operations diligently and efficiently so as to make all possible gains and profits, to take all possible precautions against loss, destruction, dissipation, or escape of the minerals, to use all improved appliances and methods, and to extract and produce all the minerals, oils, gas, gasoline, casinghead gas, and petroleum distillates available. These were mere allegations of inducement. The plaintiff then set forth the facts of defendant's negligent methods. He alleged that the defendant, in using the "wide open" method, employed grossly inefficient and wasteful means of production, and described in some detail how inefficiently this method operated and how the use and adoption of this method, together with other inefficiencies

and negligence, resulted in a loss to the plaintiff of royalties in excess of $31,500.

 Clearly these statements are not mere conclusions, but are allegations of fact sufficient to show that the defendant owed a duty to the plaintiff to use due care, but was negligent and used inefficient methods, and that consequently the plaintiff suffered damages. This states a prima facie case of negligence. As to the other allegations of the amended complaint, that the gas and other products were "wasted, burned and destroyed," there is no allegation that the defendant was responsible for this destruction of the plaintiff's property. Notwithstanding the laxity of pleading today, we think that a complaint must charge the defendant with the wrongdoing alleged. We think that the complaint stated a cause of action for negligence, and the motion to dismiss should have been overruled.

 As to the right of the plaintiff, a tenant in common, to bring this action without joining his co-tenants as parties, we express no opinion. The defendant's motion to dismiss below was grounded solely on the insufficiency of the complaint, and the question of proper joinder was first raised by it in its brief in this court. Since the question is admittedly not jurisdictional, it should first be presented to the trial court by proper pleadings.

The case is remanded for further proceedings not inconsistent with this opinion.