### GUTH v. TEXAS CO.

### No. 9021.

Circuit Court of Appeals, Seventh Circuit.

May 20, 1946.

Rehearing Denied June 18, 1946.

Albert H. Fry, of Chicago, Ill., for appellant.

Henry I. Green and Enos L. Phillips, both of Urbana, Ill., Walter E. Will, of Mattoon, Ill., and Harold A. Smith, of Chicago, Ill., for appellee.

Before EVANS and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

This is the second appeal to this Court on the pleadings. On the first appeal, the plaintiff appealed from an order dismissing his amended complaint for failure to allege facts entitling him to any relief. The plaintiff was the owner of a 1/32 interest in the oil, gas, gasoline, casinghead gas and petroleum distillates in, on and under certain described lands in Illinois. The defendant was assignee of a lease upon these lands which entitled it to explore and drill for oil and gas.

As the question of whether the plaintiff could sue alone without joining his co-tenants was not presented to us on the first appeal, we held that the complaint stated facts sufficient to constitute a cause for relief for negligence against the defendant. It was also alleged that large quantities of oil and gas had been wasted. We held that the plaintiff, on this point of waste, stated no cause for relief against the defendant as it was not alleged that the defendant had burned and wasted the oil and gas. 7 Cir., 145 F.2d 820. As the case went back to the District Court, we had held that the plaintiff had stated a cause for relief on the ground of negligence. The case had been briefed and argued before us as a tort action for negligence and waste. The amended complaint was capable of that construction.

After the case was returned to the District Court, the plaintiff on January 16, 1945, amended the allegations of his origi-

nal amended complaint so as to allege that the oil and gas that were burned and wasted were burned and wasted by defendant. This amended complaint will be referred to as the second amended complaint.

On February 2, 1945, the defendant answered and in paragraph 13 of its answer, it alleged that the cause of action sued upon by the plaintiff was personal, and that he could not maintain his several action, and that he must join his co-tenants. The plaintiff moved to strike this answer on the ground that it did not present a legal defense. On January 7, 1946, the District Court overruled the motion; the plaintiff elected to stand on his pleadings and insisted upon his right to sue as sole plaintiff, and the Court dismissed his action. The plaintiff appealed from this judgment.

As the record came to us on this appeal, it contained, among other things, the amended complaint that was before us on the first appeal, the amendment thereto of January 16, 1945, and the defendant's answer of February 2, 1945, and the District Court's order of January 7, 1946, dismissing the complaint. On the argument, counsel for the defendant produced an authenticated copy of the order of the District Court of June 21, 1945, which, with leave of court, permitted the plaintiff to amend the second amended complaint by increasing the amount of damages claimed and then substituting for paragraph 5 of the second amended complaint the following amendment:

"This plaintiff charges further, that of the gas, gasoline and petroleum distillates so produced and not accounted for or paid for, a large volume was wasted, burned and destroyed; that the share or proportion of the gas, gasoline and petroleum distillates so wasted and destroyed, belonging to and owned by the plaintiff aggregated in excess of 3,341,000,000 cubic feet; that the value thereof was in excess of one hundred ten thousand ($110,000.00) dollars."

This amendment restored paragraph 5 to the exact language of the original amended complaint that was before us on the first appeal except the amount of damages claimed. By agreement of counsel for the parties made in open court on the oral argument, these amendments to the second amended complaint were made a part of the record. As the record now stands, the amendment of June 21, 1945, makes the third amended complaint.

The District Court held that the action for damages alleged could not be maintained by plaintiff alone, and dismissed the complaint although at the time the complaint was dismissed on January 7, 1946, the amendment of June 21, 1945, was a part of it. The third amended complaint had a dual aspect just as it had when it was first before us. As heretofore pointed out, the question of joinder of parties was not before us on the first appeal. Because the case was briefed and argued before us as one of tort for negligence and waste, we had sustained the complaint as stating a cause for relief for negligence only. On this appeal, plaintiff argued that his position on the third amended complaint was an action for gas, gasoline and petroleum distillates produced and not accounted for or paid for. He frankly admitted he had changed his entire theory. True, the plaintiff still had in the amendment the same allegations as to waste that were in the amended complaint when it was first before us. But treating the allegations as to the burning and destroying of gas, gasoline and petroleum distillates as surplusage, the plaintiff had stated facts sufficient to entitle him to relief on account for gas, gasoline, and petroleum distillates produced and unpaid for or unaccounted for.

The plaintiff's complaint must be held sufficient if upon any view of the allegations he had stated facts sufficient to entitle him to relief. Kansas City, St. Louis & C. R. Company v. Alton Railroad Company, 7 Cir., 124 F.2d 780, 783; Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d 13, 14; Gay v. E. H. Moore, Inc., D.C., 26 F.Supp. 749; Catanzaritti v. Bianco, 25 F.Supp. 457. Since the complaint as amended the third time stated one cause for relief for negligence and one on account, even under the liberal practice that prevails under the Rules of Civil Procedure, these two causes should have been stated in separate counts

and numbered. Federal Rules of Civil Procedure rule 10(b), 28 U.S.C.A. following section 723c.

■ We agree with the District Court that the cause of action asserted for negligence by the plaintiff was joint with other co-tenants and could not be maintained by the plaintiff alone. All of the lessors are co-tenants, and a wrongful injury for negligence such as charged in the third amended complaint, was one in which all the lessors were interested, not just one or a part of them. The wrongful injury to the property would affect and impair the interest of all the lessors. Such an interest is joint. Calvert v. Bradley, 16 How. 580, 597, 14 L.Ed. 1066. Parties having a joint interest must join as plaintiffs for the injury to the joint interest. If some of the parties in joint interest refuse to join, they may be made parties defendant. Federal Rules of Civil Procedure, Rule 19(a).

■ Although the District Court properly dismissed the complaint as to the wrongful injury cause for relief, we do not think the District Court should have ignored the allegations of the third amended complaint and plaintiff's insistence on his claim on account for gas, gasoline, and petroleum distillates produced and not accounted for or paid for. The plaintiff stated that he intended to change his theory by the amendment of June 21, 1945. These allegations should not be viewed as waste, as before alleged, but as an action on account for gas, gasoline and petroleum distillates produced, not accounted for or paid for. True, plaintiff did allege in the last amendment that the gas, gasoline, and petroleum distillates had been burned and wasted. Under the last amendment, these allegations may be treated as surplusage. On this view of the case, it makes no difference who wasted the gas, gasoline, and petroleum distillates. If the defendant produced and had in its possession oil and gas, it became the owner of such oil and gas, and it owed the lessors their royalty therefor. Watford Oil & Gas Company v. Shipman, 233 Ill. 9, 84 N.E. 53, 122 Am.St.Rep. 144; Western Oil & Refining Company v. Venago Oil Corporation, 218 Cal. 733, 24 P.2d 971, 88 A.L.R. 1271; Union Oil Company of California v. Mutual Oil Company, 19 Cal.App.2d 689, 65 P.2d 896.

■ This was the position taken by the defendant in its brief and on oral argument. The obligation to pay the lessors their royalties in proportion to their respective interests in the gas, gasoline, and petroleum distillates produced and in possession of the defendant was a several obligation and the plaintiff could sue separately for his proportion of the royalty. Calvert v. Bradley, supra; Beckwith v. Talbot, 95 U.S. 289, 24 L.Ed. 496; Wills v. Cutler, 61 N.H. 405; Cobb v. Monjo, 90 App.Div. 85, 85 N.Y.S. 597; Chitty on Pleading, Sixteenth Amended Ed., pp. 10, 14; Williston on Contracts, Rev.Ed., Sec. 325. This several cause for relief on account for gas, gasoline, and petroleum distillates was improperly dismissed. This is the only cause for relief stated by the plaintiff in the third amended complaint.

■ It may be urged by the defendant that we had once construed paragraph 5 of the amended complaint when it was before us on the first appeal as one for waste, and as such the plaintiff would have to allege that the defendant had burned and wasted the gas, gasoline, and petroleum distillates. So we did. The plaintiff on the second appeal has taken a different view of the facts and that view is sustainable by the allegations of his third amended complaint. We are not bound by our ruling on the pleadings on the first appeal and may, indeed we must, under the extremely liberal rules of the Federal Rules of Civil Procedure take any possible view of the facts which would entitle the plaintiff to relief. We think the import and force of the Rules is such that we are compelled to take a view at variance with our first view of the pleadings since our attention has been directed on the second appeal to a new theory not advanced on the first appeal. Such view by us in construing the pleadings to meet a different theory does not violate the "law of the case" rule, which rule is of course not absolute. Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L. Ed. 1152; Reynolds Spring Company v. L.

A. Young Industries, 6 Cir., 101 F.2d 257, 259; Seagraves v. Wallace, 5 Cir., 69 F.2d 163, 164.

The judgment of the District Court dismissing the third amended complaint is reversed, and the case is remanded to the District Court with directions to overrule the motion to dismiss.