**CHAPMAN et al. v. TEXAS CO.**

Civ. No. 757–D.

United States District Court
E. D. Illinois.

Sept. 29, 1948.

Albert Fry, of Chicago, Ill., for plaintiffs.

H. I. Green, of Urbana, Ill., for defendant.

LINDLEY, District Judge.

Plaintiffs are the owners of a tract of land in Marion County, Illinois, which they leased for the purpose of producing oil and gas to one Roberts, who in turn assigned his interest to defendant. Plaintiffs have disposed of certain of their royalty rights but have retained .0224475. They complain that it became the duty of defendant to produce, save and take care of all recoverable oil and gas; that defendant, producing oil and gas from the tract, became a trustee of that part of the property belonging to plaintiffs in the possession and under the control of defendant and that as such trustee defendant was charged with the duty of so handling and disposing of all of it as to realize for plaintiffs its reasonable value; that after developing productive wells on the premises, defendant, disregarding its duty as trustee, burned the casinghead gas emanating from the productive wells and wrongfully failed to account to plaintiffs for the value of their alleged interest in the casinghead gas or to save it and to cause it to be refined. Plaintiffs further allege that by its methods of production defendant released excessive gas from solution thus producing casinghead gas in unduly large volume; that defendant failed to conserve the same; that, though it built a processing plant, that plant was insufficient in capacity to refine all of the gas, so that a large part thereof was wasted. For these alleged breaches of duty, plaintiffs seek damages.

In its answer, in addition to various defenses upon the merits, defendant sets up a prior adjudication of a similar claim made by one Guth, a grantee of a part of the lessors' interest under the lease, wherein the United States District Court for the Northern District of Illinois upon trial found that plaintiff had failed to prove his averments and entered judgment in favor of the defendant and against plaintiffs in bar of action and for costs, the judgment later being affirmed by the Court of Appeals in Guth v. Texas Co., 7 Cir., 163 F.2d 893, and the Supreme Court of the United States having denied certiorari 332 U.S. 844, 68 S.Ct. 268. Plaintiff in that case was in the same position as plaintiffs here, being one of many co-tenants in ownership of the lessors' interests under the lease. Obviously the decision of the case is not res adjudicata as against plaintiff, despite the relationship of plaintiffs here and the plaintiff there. However, it would seem that this court might well be justified in law in basing its decision upon that adjudication as a determination of the law applicable to this case. However, in order that there may be no question as to the finding of this court upon the merits, I have preferred to act de novo upon the facts presented.

The lease under which defendant holds as lessee is the ordinary oil and gas lease, the terms and express and implied covenants of which have been many times considered by the courts of Illinois. The express covenants defining the obligations of the lessee, insofar as gas is concerned, follow. In consideration of plaintiffs' grant of the right to enter and produce oil and gas and to remove the same, defendant promises to deliver into the pipe line for the lessors' credit one-eighth of the oil produced, to pay lessors a royalty for gas from any wells where only gas is found, and "to pay the lessors for any gas produced from any oil well and used off the premises or in the manufacture of gas" or other petroleum products, a royalty of one-eighth of the market value, payable month-

ly at the prevailing market rate. Inasmuch as no gas was produced from any well producing only gas, defendant's only pertinent covenant is with respect to the gas here involved, commonly known as casinghead gas, emanating incidentally from productive oil wells in certain sections. By its covenant defendant agrees to pay to plaintiffs the value of one-eighth of such gas if it is used off the premises or in the manufacture of gas or other products. Under these terms the gas produced by defendant became the property of defendant and defendant became liable, under the covenant mentioned, to pay lessors therefor one-eighth of its market value if it was used in the refinery. Such was the intent of the lease and such is its legal import. Watford Oil & Gas Co. v. Shipman, 233 Ill. 9, 84 N.E. 531, 122 Am.St.Rep. 144; Western Oil & Refining Co. v. Venago Oil Corp., 218 Cal. 733, 24 P.2d 971, 973, 88 A.L.R. 1271; Triger v. Carter Oil Co., 372 Ill. 182, 23 N.E.2d 55; Jilek v. Chicago, Wilmington & Franklin Coal Co., 382 Ill. 241, 47 N.E.2d 96, 146 A.L.R. 871. These cases obviously refute plaintiffs' contention that defendant became a trustee for them. Upon the separation of the gas from the soil, the title thereto passed to defendant. Consequently they had left no title to anything which defendant received but only the covenant of defendant to pay the reasonable value for such product if it was used in manufacture of gasoline or other products. Plaintiffs' present claim is not within this express covenant, for they seek to recover not for gas which was converted into other products and for which they were paid but rather to recover for casinghead gas which the defendant caused to be burned in flares in pursuance of the Statute of Illinois requiring such escaping gas to be burned. There is no express covenant in the lease that defendant would pay for the same and there is no express obligation upon its part to pay for the same.

Consequently plaintiffs' demand for payment for casinghead gas must be denied unless there is implied in this lease a covenant by defendant to reduce this gas to possession and use and not to burn it and to pay plaintiffs one-eighth of its value.

Such a lease, under Illinois law, contains some implied covenants. Thus, there is an implied covenant that if wells near a producing tract are drilled by others and these drain the oil from the land, the obligations of a reasonably prudent operator require that he, in considering the interests of both himself and the lessee, should drill off-setting wells to counteract the drainage. The question here is whether there is an implied covenant that a reasonably prudent operator is compelled to capture all escaping casinghead gas, reduce it to possession, refine it into marketable products and pay plaintiff one-eighth its value.

The evidence is that casinghead gas is produced incidentally to production of oil; it escapes from the soil and the Illinois regulation promulgated pursuant to statute (Chap. 104, Sec. 67, Ill.Rev.St.1945) requires that it be burned if not used. It is not capable of utilization in its raw state. It may be turned back into the soil to repressure oil still in place, it may be burned in compliance with the statute, or it may be reduced to use. The evidence discloses that as soon as defendant discovered that casinghead gas was coming from its wells in substantial quantities, it began to build a processing plant. This it finished with diligence. When it discovered that the territory was producing more than anticipated, a second processing plant was built, and when still a third seemed necessary it too was built. All this was at a great cost to itself. With all diligence and as quickly as possible it ceased burning the escaping gas and reduced it to use. If there is to be implied within this lease a covenant to attempt to use such gas, which I find it unnecessary to decide, the evidence is clear that defendant did everything necessary to comply with its requirements and that it did everything a reasonably prudent operator having due regard for the interests of both himself and the plaintiff would have done. The Illinois decisions are clear. The obligation of an operator is not to guarantee a return but to act as a reasonably prudent operator, having due regard for the interests of both lessor and lessee. His standard of conduct is that of a reasonably prudent operator having due regard for each of such interests. Daughetee v. Ohio Oil Co.,

263 Ill. 518, 105 N.E. 308; Ohio Oil Co. v. Reichert, 343 Ill. 560, 175 N.E. 190; Copple v. Carter Oil Co., D.C., 44 F.Supp. 579; Ramsey v. Carter Oil Co., D.C., 74 F.Supp. 481.

Under the evidence in this case, including the steps taken by defendant, it is a fact beyond peradventure that defendant failed in no way to perform its duties as a reasonably prudent operator; that it violated none of the express terms of the lease and no implied covenants of the lease. Plaintiffs have no basis for recovery.

Judgment will enter in favor of defendant and against plaintiffs dismissing this cause of action and for costs of suit.

The findings and conclusions herein are made a part of my more formal findings and conclusions entered of even date herewith.