## COWLING v. DEEP VEIN COAL CO., Inc.
### No. 10024.

United States Court of Appeals
Seventh Circuit.

May 25, 1950.
Rehearing Denied Aug. 17, 1950.

---

Joe Vol Butt, James M. Buthod, Evansville, Indiana, S. Hugh Dillin, Petersburg, Indiana, Dillin & Dillin, Petersburg, Indiana, for plaintiffs-appellants.

Benjamin G. Cox, Terre Haute, Indiana, Charles C. Whitlock, Terre Haute, Indiana, Gerald E. Hall, Princeton, Indiana, Gambill, Dudley & Cox, Terre Haute, Indiana, for defendant-appellee Deep Vein Coal Co., Inc.

Before KERNER, DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant Deep Vein Coal Company, Inc., (hereinafter referred to as "Deep Vein"), moved for a summary judgment assigning five reasons for such motion. The trial judge granted the motion without indicating the basis for his action. From a judgment entered in favor of Deep Vein plaintiffs bring this appeal.

Plaintiffs, claiming to own fractional undivided interests in the oil and gas under certain lands in Gibson County, Indiana, brought this action for an injunction and an accounting and other relief. The complaint, after setting forth diversity of citizenship and requisite jurisdictional amount in controversy, alleges that Deep Vein drilled a producing oil well upon the real estate in question without the prior consent of the plaintiffs, and that the proportionate share of the oil recovered, being the property of the plaintiffs, has been appropriated and converted by Deep Vein which has failed and refused to account for same to the plaintiffs. In addition plaintiffs allege that Deep Vein is operating another producing oil well or wells on adjacent lands in such a manner as to drain the oil from under the property described in the complaint, and that the defendant Farm Bureau Oil Company (hereinafter called "Farm Bureau") has purchased from Deep Vein oil produced from the described premises, and has failed to account to plaintiffs for their proportionate share thereof.

The pleadings show and it is without dispute that on December 8, 1944, one Louise S. Davis was the owner of the entire fee simple title to 240 acres of land in Gibson County, Indiana, subject only to

654

the interest of Citizens National Bank of Paris, Illinois, as trustee. The bank's interest was subsequently acquired by Mrs. Davis and is of no importance in a consideration of the issues now before us. On said date Louise S. Davis, joined by her husband and the trustee, executed an oil and gas lease of said premises to Deep Vein. By its terms the lease expired on December 8, 1945, unless oil or gas were previously thereto produced from said premises.

On October 4, 1945, by an instrument duly recorded on October 8, 1945, Louise S. Davis and her husband executed a mineral deed to one Milton A. Lobree, which purported to convey "an undivided one-half (½) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands * * * together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals * * *." The mineral deed was expressly made subject to the oil and gas lease to Deep Vein dated December 8, 1944, but covered and included "an undivided one-half (½) interest of the oil royalty and gas rental or royalty to be paid under the terms of said lease."

On October 8, 1945, Milton A. Lobree and his wife executed several mineral deeds conveying an undivided 20/240ths interest in the oil, gas and other minerals in, under and that may be produced from said real estate to plaintiff Cowling, an undivided 15/240ths interest to plaintiff Rockey, and an undivided 15/240ths interest to plaintiff Watson.

On October 18, 1945, by an instrument recorded October 23, 1945, Louise S. Davis and husband executed what purported to be an extension of the original oil and gas lease to Deep Vein, extending said original lease until September 1, 1947, and as long thereafter as oil or gas was produced from

said leased premises in commercial quantities, but that if no such oil or gas was produced before September 1, 1947, the original lease, as extended, was to be terminated.

Deep Vein's answer sets forth five defenses. It places in issue many of the material allegations of the complaint, and in addition pleads three affirmative defenses. In its second defense, Deep Vein asserts "that it has been paid for the working interest or has caused to be paid for the royalty sums for the oil removed by defendant, Deep Vein Coal Company, Inc., from said premises, except that a portion of the royalty oil has been suspended at the request of plaintiffs herein in accordance with the alleged ownership of plaintiffs as to such suspended portion, pending the determination of the issues presented by plaintiffs' complaint and that defendant is ready and willing to furnish a complete statement of all oil produced by it from said premises and of all oil sold by it from said premises, and to disburse payment therefor according to any order or judgment of the Court which may issue in the premises, should said order direct payment in a manner different than has been heretofore made by this defendant."

Defendant Farm Bureau answered that it had purchased oil from the tract in question between July 16, 1947, and May 24, 1948, and that it stands ready and willing to furnish a complete statement of all oil purchased by it from said premises and to disburse payment according to any order or judgment of the court should such order direct payment in a manner different from that which has been made by it.

Neither answer was verified.

Deep Vein moved the district court to require plaintiffs to procure and file for its use an abstract of title to the real estate claimed by them as set forth in the complaint.[1] This motion was granted and thereafter plaintiffs filed such abstract. Deep Vein, invoking Rule 56, Federal

1. The authority relied upon for the motion and order is Burns' Indiana Stats., 1933, Sec. 2-1032, which provides: "The court, on motion, may order a further bill of particulars, when the one filed is defective; and may, in all proper cases, upon motion, order a bill of particulars of the claim of either party, and abstract of title to be furnished."

Rules of Civil Procedure, 28 U.S.C.A., then moved for summary judgment, based upon the pleadings, the abstract of title, and the affidavit of one Sampliner. Plaintiffs filed an affidavit of Lobree, the grantor of the mineral deeds under which they claim.

■ Deep Vein insists that the trial court acted correctly in ordering summary judgment in its favor based upon the pleadings, the Sampliner affidavit, and the "admissions" in the abstract of title. We cannot agree. Although plaintiff did not answer or reply to Deep Vein's affirmative defenses, an answer or reply was not required absent an order of the court. Rule 7(a), Federal Rules of Civil Procedure. They are deemed denied. Rule 8(d), id.; Radio Shack Corp. v. Radio Shack, Inc., 7 Cir., 180 F.2d 200. The pleadings considered alone present genuine issues as to material facts.

The material allegations of the Sampliner affidavit are controverted by the Lobree affidavit. If the intention of the parties as to authorizing Mrs. Davis to extend unilaterally the lease to Deep Vein becomes material, certainly there is a violent disagreement as to the facts.

■■ Nor can we agree with the defendant Deep Vein that the abstract of title produced by plaintiffs must necessarily be considered an "admission"[2] by plaintiffs. It was produced under court order, upon motion of and for the use of defendant. An abstract thus furnished does not become part of the pleadings. O'Mara et al. v. McCarthy, 45 Ind.App. 147, 90 N.E. 330. Ordinarily abstracts of title are regarded as secondary evidence or hearsay, and in the absence of statutory enactment usually cannot be received in evidence. Wigmore on Evidence, 3d Ed., Sec. 1705. While plaintiffs do not deny that the abstract accurately sets forth recording data, they are entitled to object to inferences which Deep Vein seeks to draw, such as that plaintiffs stood by without protest or giving notice while Deep Vein was drilling the well, and that Deep Vein was without knowledge of the plaintiff's interest prior to the date when their mineral deeds were recorded.

As genuine issues exist as to various material facts involved, the summary judgment should not have been entered unless it was apparent that the mineral deed from Davis to Lobree is wholly void as a matter of law and that such infirmity is apparent on the face of the instrument.

Defendant Deep Vein earnestly contends that the mineral deed from Davis to Lobree as well as the mineral deeds from Lobree to plaintiffs are absolutely void under Indiana law. Deep Vein argues that the right to explore and capture oil or gas is an exclusive right—that it is co-extensive with the ownership of the land involved and is a right indivisible with respect to the particular tract of land involved. Deep Vein argues that it is legally impossible to create several divisible interests in an exclusive right.

■ Plaintiffs and defendant Deep Vein seem to agree that the right to take oil from the lands of another is a profit à prendre in gross, which is an incorporeal hereditament, although plaintiffs deny that such interest is accessory to the superincumbent real estate. Plaintiffs and defendants also agree that the extent of plaintiffs' rights must be determined by the law of Indiana, but that no Indiana case has defined the extent of the rights of multiple ownership as here created by the various mineral deeds under which plaintiffs claim. There is further agreement that the decisions of courts of the various States which have passed on the question have brought about a state of confusion concerning the exact nature of the interest involving the right to explore for oil and gas and to reduce same to possession.

2. Rule 56(c), Federal Rules of Civil Procedure, provides: " * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and *admissions* on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * " (Emphasis added.)

Plaintiffs cite decisions of Illinois, California and Oklahoma courts as being persuasive of the rule that Indiana courts would follow, but defendant Deep Vein claims that those decisions are not instructive or helpful in determining the correct applicable rule in Indiana. The answers to the questions here involved are of vital importance to land owners in Indiana as well as to those engaged in the important work of exploring for and producing oil and gas in that State. Where the Indiana courts have not rendered a controlling decision on a point of primary concern to Indiana citizens and others doing business in that State, federal courts should be reluctant to predict what the Indiana courts would decide is the correct rule of law. Therefore, as we have done heretofore (United States v. 150.29 Acres of Land, etc. in Milwaukee County, Wis., 7 Cir., 135 F.2d 878, 881), we think it is advisable to remand the case to the district court with instructions to retain jurisdiction for a reasonable time, so that the parties may seek in the courts of Indiana the answers to the questions of law here involved. Spector Motor Service, Inc., v. McLaughlin, Tax Commissioner, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; City of Chicago et al. v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Railroad Commission of Texas et al. v. Pullman Co. et al., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

As we do not reach the question of the validity of the mineral deed from Louise Davis to Lobree, or of the mineral deeds from Lobree to plaintiffs, we must reverse the summary judgment entered in the district court, because of the existence of genuine issues as to material facts, as hereinbefore indicated. In addition, upon remand we direct the district court to retain jurisdiction for a reasonable time until the parties can litigate the questions here raised in the courts of Indiana or may otherwise dispose of the case.

Reversed.

On Rehearing.

DUFFY, Circuit Judge.

In its petition and argument for rehearing, defendant Deep Vein strongly insisted that there was a defect in parties plaintiff because all of the co-tenants did not join the plaintiffs in this suit. It follows, Deep Vein argues, that there was a failure of jurisdiction and thus, in no event, can the plaintiffs herein recover.

Although we are of the view that the question of a defect in parties plaintiff cannot properly be raised on a motion for summary judgment, we are of the opinion that the plaintiffs may proceed in federal court without the presence of the other co-tenants. The question of the indispensability of the parties must be determined by federal rather than State rules. DeKorwin v. First Nat. Bank of Chicago, et al., 7 Cir., 156 F.2d 858, 860. In the DeKorwin case, as well as in Guth v. Texas Co., 7 Cir., 155 F.2d 563, we held that a co-tenant may proceed in an action for an accounting without joining his co-tenants as parties to the suit. The district court here was fully justified in taking jurisdiction without the presence of other co-tenants of the plaintiffs.

The petition for rehearing will be denied. The costs on appeal, including rehearing, will be equally divided between the parties.