### LEAVITT v. GUARDIAN LIFE INS. CO. OF AMERICA.

No. 6901.

United States District Court
W. D. Missouri, W. D.

June 2, 1951.

Jack G. Beamer (of Stubbs, McKenzie, Williams & Merrick), Kansas City, Mo. for plaintiff.

Henry I. Eager (of Blackmar, Newkirk, Eager, Swanson & Midgley), Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This action is a suit for double indemnity or accidental death benefits under policies of life insurance issued by the defendant upon the life of the husband of the plaintiff. The complaint states that on a certain date while the policies were in full force and effect, "the insured, * * * sustained a gun shot wound in his head from which he died * * *."

The defendant contends, "that such statement is wholly insufficient to show that in fact and in law the insured's death was effected directly by external, violent and accidental means * * *" and has duly filed its motion for an order requiring plaintiff to make her petition more definite.

1. Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states that, "* * * a claim for relief, * * * shall contain * * * (2) A short and plain statement of the claim showing that the pleader is entitled to relief". This provision has been given a very liberal construction by the court, as illustrated in the case of Guth v. Texas Co., 7 Cir., 155 F.2d 563, where the court said, loc. cit. 565: "The plaintiff's complaint must be held sufficient if upon any view of the allegations he had stated facts sufficient to entitle him to relief."

2. The substantive law of Missouri is illustrated in the case of Edwards v. Business Men's Assurance Co., 350 Mo. 666, at page 677, 168 S.W.2d 82, at page 88, wherein the court stated: "Upon the mere proof of the fact that the insured died from the effects of a gunshot wound, to wit, a death by violence, without more appearing, the law presumes the death was an accident or by accidental means, * * *."

In view of the foregoing it is the opinion of the court that the plaintiff's complaint is sufficient to satisfy the demands of the rules of procedure now in effect.